```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

DARRELL WILLIAMS-BEY,                :
                                     :
    Petitioner.                      :
                                     :
vs.                                  :     CIVIL ACTION 14-0455-CG-M
                                     :
DON BELL,                            :
                                     :
    Respondent.                      :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.

It is recommended that this habeas petition (Doc. 4) be denied and that this action be dismissed. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*. Finally, it is recommended that judgment be entered in favor of Respondent, Don Bell, and against Petitioner, Darrell Williams-Bey.

1

Petitioner was convicted of driving under the influence of alcohol and driving with a suspended license in the Daphne Municipal Court on April 8, 2014 (Doc. 4, p. 2; *see also* Doc. 9, Exhibit D, p. 7). An appeal was dismissed by the Baldwin County Circuit Court on August 11, 2014 when Petitioner failed to appear (Doc. 9, Exhibit D, p. 54). On remand, the Daphne Municipal Court, on September 30, 2014, sentenced Williams-Bey to a year in jail (Doc. 4, p. 2; *see also* Doc. 9, Exhibit D, p. 7).[1]

Petitioner filed a complaint with this Court on September 30, 2014, raising the following claims: (1) The prosecution did not state a proper cause of action against him; (2) the Daphne Municipal Court was without jurisdiction to try him; (3) he was the subject of an unreasonable search and arrest; and (4) he was denied the right to confront his accuser (Doc. 4).[2]

Respondent claims that Petitioner has procedurally defaulted on the claims raised in this Court (Doc. 9). A United States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), stated that "a procedural default does not bar

---

[1] The Court notes that Williams-Bey removed this action to this Court on November 19, 2013; it was remanded back on May 30, 2014 for lack of subject-matter jurisdiction. *Daphne Municipal Court v. Williams-Bey*, C.A. 13-0646-WS-B (S.D. Ala. May 30, 2014).

[2] Petitioner initiated this action on September 30, 2014 (Doc. 1). The Court ordered him to file his petition on this Court's form (Doc. 3); he did that within a month (Doc. 4).

consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983).  However, the Supreme Court has further held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

Respondent has asserted that Petitioner's claims are procedurally defaulted because he never filed an appeal following his sentencing (Doc. 9, pp. 4-5).  Petitioner has not presented evidence showing otherwise (Docs. 4, 11).[3]  The Court finds that Williams-Bey has procedurally defaulted under *O'Sullivan* on the claims he brings in this action as he did not seek their review in available State courts.

---

[3]The Court notes that, under Ala. Code 12-14-70(c), a defendant in municipal court may appeal an entry of judgment within fourteen days.  Petitioner should have filed his appeal by October 14, 2014.
   Petitioner provides documents showing that he filed, on October 13, 2014, an affidavit for hardship with the Baldwin County Circuit Court along with an action for writ of habeas corpus; the hardship was denied on December 5, 2014 (Doc. 11, pp. 15-21).  Williams-Bey has provided no evidence that he has filed any other action in the State Courts (Doc. 4, pp. 3-4; *see also* Doc. 11, pp. 3-4).

3

However, all chance of federal review is not precluded. The Eleventh Circuit Court of Appeals has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review.  If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985).  A claimant can also avoid the procedural default bar if he can be show that a failure to consider the claims will result in a fundamental miscarriage of justice.  *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this action, Petitioner has demonstrated neither cause nor prejudice for failing to raise these four claims in a timely manner in the State courts (Doc. 11).  Furthermore, Williams-Bey has not shown that this Court's failure to discuss the claims' merit will result in a fundamental miscarriage of justice.  The Court finds that all claims raised in this action are procedurally defaulted; the Court will not address their merit.

4

Therefore, it is recommended that his habeas petition be denied and that this action be dismissed.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Williams-Bey has procedurally defaulted on these claims, a reasonable jurist could not conclude that this Court errs in dismissing the instant petition or that he should be allowed to proceed.

*Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied and that this action be dismissed.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.  Finally, it is recommended that judgment be entered in favor Respondent, Don Bell, and against Petitioner, Darrell Williams-Bey.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(B); S.D. Ala. L.R.72.4. In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 25th day of March, 2015.

                                          <u>s/BERT W. MILLING, JR.</u>
                                          UNITED STATES MAGISTRATE JUDGE